UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
HAROLD G. FOSSITT,              :
                                :   NO. 1:12-CV-00276
        Plaintiff,              :
                                :
                                :
   v.                           :   ORDER
                                :
                                :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
        Defendant.
```

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 15), Plaintiff's objections thereto (doc. 16) and Defendant's response (doc. 17). In her Report and Recommendation, Magistrate Judge Bowman recommends that the decision of the Administrative Law Judge denying Plaintiff's application for Disability Insurance Benefits be affirmed and this case be closed.

In brief, Plaintiff filed an application for Disability Insurance Benefits (DIB), alleging a disability onset of August 1, 2004 because of gout. The Administrative Law Judge ("ALJ") determined that Plaintiff had severe impairments of morbid obesity, hypertension and shortness of breath through his date last insured. However, the ALJ also determined that Plaintiff was not disabled under the Social Security Act as none of these impairments, alone or in combination, met or medically equaled

1

one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1, and that Plaintiff had the residual functional capacity to perform medium work.

Plaintiff argued that the ALJ erred when he failed to find that Plaintiff's gout was a severe impairment, when he found Plaintiff capable of medium work despite his gout and the opinion of the consultative evaluator, Dr. Jennifer Wischer Bailey, and when he found Plaintiff only partially credible. The Magistrate Judge agreed that the ALJ made a factually incorrect statement about whether there was any substantiated evidence of clinical signs of gout, but did not find this error reversible inasmuch as substantial evidence underpinned the ALJ's conclusion that Plaintiff's gout was not a severe impairment. Further, the Magistrate Judge found no reversible error in the conclusion that Plaintiff was capable of medium work. She noted that no treating doctor ever had opined that Plaintiff had any work-related limitations. And while the consultative evaluator did use the adjective "mild" with regard to the amount of work-related postural activities that Plaintiff could perform, it was prefaced by the modifier "at least." The ALJ's failure to elaborate on how the phrase "at least a mild amount" might reconcile with a finding that Plaintiff was capable of performing "medium" work, moreover, was not problematic because he is not under the same obligation to

2

detail why he is rejecting the opinion of a non-examining consultant as opposed to that of a treating physician. See 20 C.F.R. § 404.1527(c)(2). Finally, the Magistrate Judge found that substantial evidence supported the ALJ's finding of partial credibility. Despite a prior work record of 35 years, it was proper for the ALJ to consider the fact that Plaintiff did not look for work other than as an electrician or make an effort to retrain himself. Likewise, even though the ultimate determination rests with the Commissioner, the ALJ did not err in discounting Plaintiff's claim of disability because he failed to submit any limiting opinions by any treating physicians. Finally, it was perfectly appropriate for the ALJ to note inconsistencies in Plaintiff's testimony with respect to how often he took his medication or how far he could walk or whether he felt capable of working.

Plaintiff filed two objections to the Magistrate Judge's Report and Recommendation, believing she erred in finding there was substantial evidence to support the ALJ's determinations that Plaintiff's gout was non-severe and that Plaintiff could perform medium work. He took particular issue with her premise that "the definition of medium work allows for sitting most of the time" (doc. 15 at 8 n.1), citing Social Security Ruling 83-10 and the Program Operations Manual System DI 25.001.001(B)(47) (doc. 16 at 3-4). Defendant acknowledges that the Magistrate

3

Judge erred in so defining medium work (doc. 17 at 1), but maintains that it does not vitiate the substantial evidence she highlighted that supports the ALJ's assessment of Plaintiff's work-related limitations.

As required by 29 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo the filings in this matter.  Upon careful consideration of the foregoing, the Court finds Plaintiff's objections unpersuasive and determines that the Magistrate Judge's Report and Recommendation is thorough, well-reasoned and correct. Consequently, the Court ADOPTS and AFFIRMS it in its entirety. Accordingly, the decision of the Commissioner to deny Plaintiff's application for Disability Insurance Benefits (DIB), which we find to be supported by substantial evidence, is AFFIRMED and the Court ORDERS that this case be closed.

SO ORDERED.

Date:  September 10, 2013      s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District
                               Judge

4